IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-02285

DALE J. RICHARDSON,

     Applicant,

v.

OFFICER BLEVINS,
OFFICER JONES,
IMMIGRATION CONTROL AND ENFORCEMENT,
THE DEPARTMENT OF HOMELAND SECURITY,
UNITED STATES JUDGE LEWIS T. BABCOCK,
UNITED STATES JUDGE CHRISTINE M. ARGUELLO,
UNITED STATES MAGISTRATE JUDGE KRISTEN L. MIX,
UNITED STATES MAGISTRATE JUDGE GORDON P. GALLAGHER,
OFFICE OF THE CLERK, United States District Court of Colorado,
THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO,
VIRGIL THOMSON,
OWZW LLP,
CHANTELLE EISNER,
ANNIE ALPIN,
CHERYL GIESBRECHT,
THE ATTORNEY GENERAL OF CANADA,
JUSTICE PENTNEY, and
THE FEDERAL COURT OF CANADA,

     Respondents.

---

## ORDER OF DISMISSAL

---

Applicant has filed *pro se* a pleading captioned "Criminal Complaint Pursuant to Article 13 of the Convention Against Torture and Rule 3 of the Federal Rules of Criminal Procedure and Ex Parte Motion for Relief Pursuant to 18 U.S.C. § 3771(3)(d), article 1, 2, and 13 of the UN Convention Against Torture, and Rule 3 of the Federal Rules of Criminal Procedure."   Docket No. 1.   The Court must construe the pleading liberally

because Applicant is not represented by an attorney.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

Applicant indicates he is filing a criminal complaint.   However, he lacks standing to prosecute a criminal action. *See, e.g., Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam); *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir. 1972) ("It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not as has sometimes been done in Anglo-American jurisdictions by private complaints."); *Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo. 1991) ("Private citizens generally have no standing to institute federal criminal proceedings.").   Therefore, this civil action has been opened.

Applicant alleges he is a victim of torture and possibly other crimes, and he contends he is entitled to relief under the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771.   Applicant also cites to various articles in the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishments that he contends authorize the Court to consider his claims.

Applicant is not entitled to relief under the CVRA.   "[T]he CVRA does not provide a private right of action authorizing crime victims to seek judicial enforcement of CVRA rights outside the confines of a preexisting proceeding."   *In re Wild*, 994 F.3d 1244, 1269 (11th Cir. 2021).   Furthermore, even if Applicant could bring a freestanding motion to enforce rights under the CVRA, the action still must be dismissed because he

2

fails to allege facts that support a cognizable claim for relief. Applicant does not allege

that any arrests have been made or that the grand jury has returned an indictment.   As

a result, there is no "accused" person from whom Applicant may seek protection for

purposes of the CVRA.   *See Stegman v. United States*, No. 14-2445-JWL, 2015 WL

728487 at *1 (D. Kan. Feb. 19, 2015); *see also United States v. Daly*, Criminal No.

3:11cr121 (AWT), 2012 WL 315409 at *4 (D. Conn. Feb. 1, 2012) ("A person is not 'the

accused' [for purposes of the CVRA] absent an indictment by the grand jury or some

action by the government to bring a charge; one does not become 'the accused' simply

because another person complains.").   Similarly, Applicant is not entitled to relief under

the Convention Against Torture because the provisions of that treaty are not self-

executing and do not create a private right of action.   *See Renkel v. United States*, 456

F.3d 640 (6th Cir. 2006).   Therefore, the action will be dismissed for lack of jurisdiction.

Finally, the Court notes that two other actions filed by Applicant in the District of

Colorado seeking to enforce rights as the alleged victim of criminal activity have been

dismissed for lack of jurisdiction.   *See Richardson v. Blevins*, No. 21-cv-02183-LTB (D.

Colo. Aug. 13, 2021); *Richardson v. Blevins*, No. 21-cv-02208-CMA (D. Colo. Aug. 16,

2021).   Applicant obviously disagrees with the decisions to dismiss those actions and

he also takes issue with orders entered in three other recent actions he filed in the

District of Colorado.   *See Richardson v. Attorney General*, No. 21-cv-01418-LTB (D.

Colo. Aug. 5, 2021) (dismissed for failure to prosecute and cure a deficiency);

*Richardson v. Garland*, No. 21-cv-01618-LTB (D. Colo. Aug. 5, 2021) (dismissed for

failure to prosecute and cure deficiencies); *Richardson v. Garland*, No. 21-cv-02053-

LTB (D. Colo. Sept. 10, 2021) (dismissed for failure to prosecute and cure deficiencies). Rather than appealing from the dismissal of those cases and presenting his arguments to the court of appeals, Applicant has chosen to reassert the same claims in subsequent actions and to include as Defendants the judicial officers with whom he disagrees.

The Court will not tolerate Applicant's abuse of judicial resources.   Applicant is warned that the Court can and will impose filing restrictions if he continues to file frivolous, malicious, and abusive papers.   "[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious."   *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (per curiam) (citation omitted).   Furthermore, the goal of fairly dispensing justice is compromised when the Court is forced to devote limited resources to processing frivolous and abusive requests.   *See In re Sindram*, 498 U.S. 177, 179-80 (1991) (per curiam).   Thus, the Court has the power to enjoin litigants who abuse the judicial system.   *See Tripati*, 878 F.2d at 352; *see also Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007) ("Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances.").   A pattern of groundless and vexatious litigation will justify an order enjoining a litigant from filing any claims without first seeking prior leave of court.   *See Ketchum v. Cruz*, 961 F.2d 916, 921 (10th Cir. 1992); *Winslow v. Romer*, 759 F. Supp. 670, 677-78 (D. Colo. 1991); *Colorado ex rel. Colo. Judicial Dep't v. Fleming*, 726 F. Supp. 1216, 1221 (D. Colo. 1989).

Accordingly, it is

ORDERED that the "Criminal Complaint Pursuant to Article 13 of the Convention Against Torture and Rule 3 of the Federal Rules of Criminal Procedure and Ex Parte Motion for Relief Pursuant to 18 U.S.C. § 3771(3)(d), article 1, 2, and 13 of the UN Convention Against Torture, and Rule 3 of the Federal Rules of Criminal Procedure," Docket No. 1, is denied and the action is dismissed for lack of jurisdiction.

DATED September 21, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge